No. 29,211.

The State of Kansas, *Appellee*, v. George Vedder, *Appellant*.

(287 Pac. 232.)

Opinion filed May 3, 1930.

*F. Dumont Smith, Eustace Smith* and *Arthur T. Symns,* all of Hutchinson, for the appellant.

*William A. Smith,* attorney-general, *R. O. Mason,* assistant attorney-general, *Charles Hall,* county attorney, and *John Fontron,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The defendant was convicted of being a persistent violator of the prohibitory liquor law, and appeals.

His contention is that the evidence was not sufficient to support the conviction. He was convicted of having certain intoxicating liquors in his possession on the premises known as 423 Avenue A East, in the city of Hutchinson, in Reno county. There was evidence which tended to prove that he had been convicted of violating the prohibitory liquor law before a justice of the peace in the city of Hutchinson; that immediately preceding his arrest on the charge on which he was tried, and from which this appeal has been taken, police officers of the city of Hutchinson went to the above-described place, a rooming house, and informed the defendant that they had come with a warrant to search the premises; that he went with them through the kitchen and into the pantry and said, "Well, you have got me," handed one of the officers a bottle, and said, "This is all I have got"; that the officers found other bottles containing intoxicating liquor in the pantry; and that they then went to the garage on the premises where the defendant kept his car and there found a quantity of alcohol. That evidence was sufficient to justify the jury in finding that he had possession of the intoxicating liquor found in both the pantry and the garage. However, it is only fair to the

defendant to say that the rooming house was operated by another person with whom the defendant had been living for a number of years, and that he denied handing the liquor to the officer in the pantry, denied that he had any knowledge of the alcohol being in the garage, and testified that none of the liquor was his. He testified that what he said to the officers in the pantry was, "Guess there it is; I guess that's what you are looking for." There was ample evidence to support the verdict of the jury.

The judgment is affirmed.